UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CASE NO. 4:08-CR-0092 |
| Plaintiff/ Respondent : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 57] |
| MICHAEL CHOMOS, : | |
| : | |
| Defendant/Petitioner. : | |
| : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 24, 2015, the Office of the United States Attorney filed a subpoena requesting financial information from JP Morgan Chase Bank for the account of MJ Management Group LLC.[1] On August 28, 2015, Petitioner filed a Motion to Quash Subpoena.[2] On September 3, 2015, the United States filed a response brief.[3]

For the below reasons, the Court **DENIES** Petitioner Chomos' motion to quash subpoena.

## I. Factual and Procedural Background

On July 14, 2008, Petitioner Chomos pled guilty to identify theft.[4] This Court ordered Petitioner to pay $61,004.28 in restitution as part of his sentencing.[5] Since then, Petitioner Chomos has made payments totaling $2,741.21.[6] Due to the interest rate on the amount due,

---

[1] Doc. 58.
[2] Doc. 57.
[3] Doc. 58.
[4] Doc. 20.
[5] Doc. 19.
[6] Doc. 58-1.

Case No. 4:08-CR-0092
Gwin, J.

Petitioner now owes $66,186.31.[7]

On January 4, 2012, this Court granted Petitioner Chomos' motion for early termination of supervised release.[8] The United States is now responsible for collection of the restitution.[7] The United States served a subpoena upon MJ Management Group upon belief that Petitioner Chomos owns or controls the company.[8]

### II. Law and Analysis

Petitioner Chomos seems to set out three arguments for his motion to quash. For the reasons described below, each argument fails.

First, Petitioner Chomos states that the United States failed to serve the subpoena with proper notice.[9] However, Fed. R. Civ. P. 45(a)(4) only requires notice before service if the service of the subpoena occurs before trial. As the United States points out, this is a post-judgment proceeding.[10] Thus, service of the subpoena was proper.

Second, Petitioner Chomos seems to argue that this Court should grant the motion to quash the subpoena because MJ Management Group LLC is not the defendant in the underlying case. As the United States points out, the Mandatory Victims Restitution Act (MVRA) provides that all available and reasonable means are appropriate in enforcing an order of restitution.[9]

Further, the United States is correct that the Federal Debt Collection Act is an appropriate

---

[7] Doc. 58 at footnote 1.
[8] Doc. 58.
[7] Doc. 57.
[8] Doc. 58.
[9] Doc. 57.
[10] Doc. 58.
[9] 28 U.S.C. §3664(m)(1)(A)(ii).

Case No. 4:08-CR-0092
Gwin, J.

tool in enforcing the MVRA.[10] The FDCA allows for discovery of a debtor's finances.[11] Records from the Ohio Secretary of State show that Petitioner Chomos is a statutory agent of the company and was one of the incorporators.[12] The subpoena upon a company that Petitioner Chomos appears to own or control is appropriate under the law.

Third, Petitioner Chomos seems to argue that this court should grant his motion to quash the subpoena because Petitioner Chomos is already on a payment plan. However, the existence of a payment plan does not prohibit the United States from enforcing the restitution by all other available means. A periodic payment provision does not prohibit garnishment.[13] Thus, the fact that Petitioner Chomos is on a payment plan does not prevent the United States from serving the subpoena on MJ Management Group LLC.

---

[10] *United States v. Witham*, 648 F.3d 40, 41 (3d Cir. 2011) (holding that the Mandatory Victim Restitution Act (MVRA) provides the United States with independent authorization to invoke procedures under the FDCPA to enforce all orders of restitution in criminal cases); "Among the means available to the United States for enforcing criminal monetary penalties are the procedures of the FDCPA, which include garnishment procedures." *United States v. Greco*, No. 1:09CR506, 2013 WL 101931, at *2 (N.D. Ohio Jan. 8, 2013).

[11] Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3015.

[12] Doc. 58-2.

[13] United States v. Miller, 588 F. Supp. 2d 789, 796 (W.D. Mich. 2008). ("Ekong contends that there was no justification for requiring immediate payment because the criminal judgment specified that restitution be paid in installments. This argument is without merit. "The [Mandatory Victim Restitution Act (MVRA)] provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means" and, under 18 U.S.C. § 3613(a), it may collect "restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law,' " including the Federal Debt Collection Procedures Act of 1990. The attorney general is required by the MVRA to enforce victim restitution orders 'aggressively.'" (quoting *United States v. Phillips,* 303 F.3d 548, 550–51 (5th Cir.2002))).

Case No. 4:08-CR-0092
Gwin, J.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Chomos' motion to quash subpoena.

IT IS SO ORDERED.


Dated: September 8, 2015     *s/      James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE